UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| AMORY KING, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 13-cv-7609 |
| | ) | |
| OFFICERS DANNY RILEY, MARK ROSCIANI, | ) | Judge John W. Darrah |
| RICHARD MACKERT, WILLIAM SKEHAN, | ) | |
| SILVANA GIANNINI, MARIA ZAPATA, | ) | |
| BROOK GLYNN, CHRIS MARZANO, and CITY | ) | |
| OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Amory King filed a Complaint against Defendants Chicago Police Officers Danny Riley, Mark Rosciani, Richard Mackert, William Skehan, and unknown officers (collectively, "Defendant Officers"), and the City of Chicago, alleging four causes of action pursuant to 42 U.S.C. § 1983: (I) illegal search and seizure; (II) false arrest; (III) failure to intervene; and (IV) conspiracy to deprive constitutional rights against Defendant Officers; one count (V) of Indemnification, pursuant to 745 Ill. Comp. Stat. 10/9-102 (2002), against the City of Chicago; and one count (VI) of malicious prosecution, pursuant to Illinois state law, against Riley, Rosciani, Mackert, and Skehan. King was granted leave to file an Amended Complaint in which he substituted Officers Silvana Giannini, Maria Zapata, Brook Glynn, and Chris Marzano for the previously unknown officers. Defendants move to dismiss all claims with respect to the officers named for the first time in the Amended Complaint and to dismiss Count VI as to all Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also move for entry of a protective order regarding Defendant Officers' disciplinary histories. For the reasons provided below, these Motions are granted in part and denied in part.

## BACKGROUND

On October 23, 2011, Defendant Officers received reports of an armed robbery in the vicinity of 21st Street and Prairie Avenue, Chicago, Illinois. (Am. Compl. ¶¶ 6, 8.) Within minutes, Officers Riley and Skehan stopped King and a friend, without lawful basis, several blocks from where the robbery was alleged to have occurred. (*Id.* ¶¶ 9-10.) Officers Rosciani and Mackert arrived at the scene and assisted Officers Riley and Skehan in filling out a contact card that included a description of King's clothing. (*Id.* ¶¶ 11-12.) As Officers Riley, Skehan, Rosciani, and Mackert were set to release King, they received a description of the robbery suspect. (*Id.* ¶¶ 13-14.) Despite King not matching the suspect's description, the officers relayed that they had the suspect in custody and secured King in a police vehicle. (*Id.* ¶¶ 14-16.)

Officers Glynn, Zapata, Giannini, and Marzano met with the robbery victim at her home and informed her that officers had pulled over a person matching the description of the suspect. (*Id.* ¶¶ 17-18.) The robbery victim was brought to King's location, where she was coerced into identifying King as her assailant. (*Id.* ¶¶ 20, 22.) Based on information a reasonable officer would have known to be unreliable, the Defendant Officers recommended charging King with armed robbery. (*Id.* ¶¶ 25, 27-31.) Officers then made false statements and falsified reports in an attempt to cover up their misconduct. (*Id.* ¶ 32.)

On June 28, 2012, in the First Division for the Circuit Court of Cook County, King was found not guilty of armed robbery. (*Id.* ¶ 34.) As a direct result of the acts or omissions of the Defendant Officers, King suffered damages, including pain and suffering, mental anguish, emotional distress, loss of liberty, lost time, and financial loss. (*Id.* ¶ 35.)

## LEGAL STANDARD

When considering motions brought pursuant to Rule 12(b)(6), all well-pleaded allegations within the complaint are read in the light most favorable to the plaintiff and presumed true. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). A proper claim requires only short and plain statements of jurisdiction and entitlement to relief, as well as a demand for the relief sought. Fed. R. Civ. P. 8(a). However, the pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A defendant may move to dismiss, pursuant to Rule 12(b)(6), if the plaintiff has failed to state a claim upon which relief can be granted. Withstanding such a motion requires alleging enough facts to support a claim that is "plausible on its face." *Chasensky v. Walker*, 740 F.3d 1088, 1095 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. The court must consider context, but if it still must speculate, plausibility is lacking. *Id*.

The district court is permitted to limit disclosure of discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Good cause is established when the privacy interests of the movant outweigh the public interest in disclosure of information, such as that affecting public

health and safety or regarding a public official. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997) (citations omitted). In the absence of a protective order, a party may disseminate materials obtained in discovery." *Calhoun v. City of Chi.*, No. 273 F.R.D. 421, 422 (N.D. Ill. 2011) (citing *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994)). "The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

**ANALYSIS**

*Motion to Dismiss*

Defendants argue that each of King's § 1983 claims with respect to Officers Giannini, Zapata, Glynn, and Marzano and King's claim of malicious prosecution as to all Defendants must be dismissed as time-barred. Generally, a plaintiff need not anticipate or address potential affirmative defenses in his complaint. *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) (citations omitted). However, a plaintiff may plead himself out of court if he "admits all the ingredients of an impenetrable defense." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). The claims Defendants move to dismiss are subject to distinct statutes of limitations.

Claims arising under § 1983 are subject to the same statute of limitations for personal injury actions of the state in which the alleged constitutional violations occurred. *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011) (citing *Anderson v. Romero*, 42 F.3d 1121, 1124 (7th Cir. 1994)). In Illinois, the period is two years. 735 Ill. Comp. Stat. § 5/13-202 (2008). King's claims accrued when he "knew or should have known" that his rights had been violated.

*Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) (citations omitted). Therefore, King was required to file his § 1983 claims within two years of the date he was arrested, October 23, 2011. Yet, King did not add Officers Giannini, Zapata, Glynn, and Marzano until April 24, 2014, six months after the two-year limit had expired.

Malicious prosecution is subject to a one-year statute of limitations pursuant to the Illinois Tort Immunity Act. 745 Ill. Comp. Stat. § 10/8-101 (2003). This claim accrues once proceedings end in the plaintiff's favor. *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998). King was found not guilty on June 28, 2012, but did not file his malicious prosecution claim until October 23, 2013, against Officers Riley, Rosciani, Mackert, and Skehan; and April 24, 2014, against Officers Giannini, Zapata, Glynn, and Marzano. In both instances, King has exceeded the statute. Yet, the apparent availability of a statute of limitations defense does not mandate dismissal.

"[A]t this stage, the question is only whether there is any set of facts that if proven would establish a defense to the statute of limitations . . . ." *Clark*, 318 F.3d at 768 (citing *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 80 (7th Cir. 1992)). Here, King has alleged facts sufficient to potentially require equitable tolling, namely that Defendants falsified reports and testimony to cover up their misconduct. Accordingly, Defendants' Motion to Dismiss is denied.

### *Motion for Protective Order*

Defendants have submitted a proposed protective order, seeking various information. However, King's opposition concerns production of the Chicago Police Department's Complaint Register ("CR") files. King argues that Defendants have failed to demonstrate no good cause why CR files should be protected from dissemination.

CR files are records of the adjudication of employee grievances or disciplinary cases. Defendants do not object to the production of CR files, but seek to limit the dissemination of certain potentially sensitive information contained within them. (Defs.' Mot. for Protective Order ¶ 1.) Specifically, Defendants' proposed order requires that, prior to the release of any CR file in which discipline was imposed, the producing party be given a thirty-day notice to ensure the proper redaction of "confidential information," defined as information that falls within one or more of the following categories:

> (a) information protected from disclosure by statute, including the Illinois Freedom of Information Act (IFOIA), 5 ILCS 140/1, *et seq*; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to this case; or
> (h) employment, disciplinary, financial, medical or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses, and non-party employees of the City of Chicago.

(Defs.' Proposed Protective Order at 1-2.) Moreover, Defendants argue that CR files are "disciplinary in nature" and thus exempt from disclosure under the Illinois Freedom of Information Act ("IFOIA"), 5 Ill. Comp. Stat. § 140/7(1)(n).

The public maintains a substantial interest in not only the outcome of CR files, but also the proceedings themselves. *Henry*, 2011 WL 3796749, at *5. That is, "[t]he manner in which such allegations are investigated is a matter of significant public interest." *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997). Conversely, Defendants argue that disclosure impacts "innocent [third- party] witnesses whose statements are contained in CR files and to the protection of the officers themselves." (Defs.' Reply at 5.) Between these two, the risk of

reputation harm to officers who were not eventually disciplined outweighs the public's interest in monitoring a small sample of police misconduct investigations. Therefore, Defendants shall disclose all CRs requested by King, but no CR may be further disclosed or disseminated by King without further order of the Court. There also exists good cause to limit dissemination of much of the information designated in Defendants' proposed list of "confidential information." For example, King provides no reason that items like medical information or personal identity information should be unprotected. Accordingly, all CR files are subject to discovery, but only after redaction of "confidential information" and not to be disseminated by King without further order of this Court.

Finally, Defendants' proposed protective order requires a thirty-day notice before releasing disciplinary materials. (Dkt. No. 26, Ex. 2 at 2.) Although Defendants will require some time to redact "confidential information," they offer no support for a thirty-day review period; and it is not apparent why such a lengthy period is necessary. The producing party shall have seven days to review any proposed public release of CRs to determine whether they contain "confidential information" requiring redaction.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [24] is denied. Defendants' Motion for Protective Order [26] is granted in part and modified to permit disclosure of subsection (h) "employment, disciplinary, financial, [but not medical] or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses, and non-party employees of the City of Chicago." Provided further, this information will be protected from further disclosure by King or King's counsel to any other person or entity until further order of the Court.

Date:  8/21/2014

JOHN W. DARRAH
United States District Court Judge