UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMORY KING, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 13-cv-7609 |
| OFFICERS DANNY RILEY, MARK ROSCIANI, | ) |
| RICHARD MACKERT, WILLIAM SKEHAN, | ) Judge John W. Darrah |
| SILVANA GIANNINI, MARIA ZAPATA, | ) |
| BROOK GLYNN, CHRIS MARZANO, and | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Amory King filed a Complaint against Defendants Chicago Police Officers Danny Riley, Mark Rosciani, Richard Mackert, William Skehan, and unknown officers (collectively, "Defendant Officers"), and the City of Chicago (the "City"), alleging four claims pursuant to 42 U.S.C. § 1983: (I) illegal search and seizure; (II) false arrest; (III) failure to intervene; and (IV) conspiracy to deprive constitutional rights against Defendant Officers; one count (V) of Indemnification, pursuant to 745 ILL. COMP. STAT. 10/9-102 (2002), against the City; and one count (VI) of malicious prosecution, pursuant to Illinois state law, against Riley, Rosciani, Mackert, and Skehan. King was granted leave to file an Amended Complaint in which he substituted Officers Silvana Giannini, Maria Zapata, Brook Glynn, and Chris Marzano for the previously named unknown officers.

Defendants filed a Motion to Dismiss the Complaint, which was denied on August 28, 2014. Defendants' filed their Motion for Summary Judgment on July 28, 2014.

1

Defendants' Motion is granted in part and denied in part.

**LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment."[1] To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

**BACKGROUND**

On October 23, 2011, Defendant Officers received reports of an armed robbery in the vicinity of 21st Street and Prairie Avenue, Chicago, Illinois. (Def. 56(a)(1), ¶ 13.) The robber

---

[1] Plaintiff filed a supplement to his Rule 56.1(b)(3)(C) additional facts. The supplement adds the deposition of Sergeant Mark Thompson as an exhibit and uses his deposition as support for additional facts ¶¶ 19, 23, 26, and 33. However, this is untimely and Plaintiff did not seek leave of court to supplement his facts. As such, any new facts in the supplement are not considered to the extent that they were not included in Plaintiff's original statement of facts.

was described as a male in dark clothing. The victim, Rebecca Zambrano, called 911 to report the robbery and described her attacker. (*Id.* at ¶ 15.) At approximately 9:06:45 p.m., a dispatcher relayed Zambrano's description of the robber as "a male, thin build with red hoodie and pants." (*Id.* at ¶ 15.). Riley and Skehan observed two subjects and stopped them for an interview. (*Id.* at ¶ 28.) The two individuals were Plaintiff and his friend, Eric Jenkins. (*Id.* at ¶¶ 31, 34). Riley and Skehan asked Plaintiff and Jenkins from where they were coming and to where they were going. (*Id.* at ¶ 36.) Plaintiff told the officers that they were coming from Jenkins' house and going to a grocery store. (*Id.* at ¶ 37.) The two were patted down by the police officers. (*Id.* at ¶ 38.) The officers then conducted separate interviews with Plaintiff and Jenkins. (*Id.* at ¶ 39).

At some point, Officers Rosciani and Mackert stopped their vehicle in close proximity to Riley and Skehan and exited their vehicle. (*Id.* at ¶ 46.) Rosciani asked for Zambrano to be brought to the scene for a possible identification. (*Id.* at ¶ 49). At some point after his interview, Plaintiff was handcuffed. (*Id.* at ¶ 51.) When Zambrano was brought to the scene, she identified Plaintiff as the individual who robbed her. (*Id.* at ¶ 57.) After this identification, Plaintiff was taken to the police station. (*Id.* at ¶ 62.) Zambrano was also brought to the police station and interviewed. (*Id.* at ¶¶ 64-65.)

On June 28, 2012, in the First Division for the Circuit Court of Cook County, King was found not guilty of armed robbery. (Compl. at ¶ 34.)

## LEGAL STANDARD

Summary judgment is proper if there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See Parent v.*

*Home Depot U.S.A.*, *Inc.*, 694 F.3d 919, 922 (7th Cir. 2012). The facts, and all reasonable inferences drawn from them, must be viewed in the light most favorable to the nonmoving party. *Reget v. La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). But, the nonmoving party is given "the benefit of the doubt" only when the record reflects adequate evidence on both sides of a factual issue. *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs*, *Local* 150, *AFL-CIO*, 433 F.3d 1024, 1030 (7th Cir. 2006) (citing *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 367 (7th Cir. 1997)). At the summary judgment stage, the court may not "make credibility determinations or weigh the evidence." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 505 (7th Cir. 2010).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 496 (7th Cir. 2011). The nonmoving party must then present specific facts, establishing the existence of a genuine issue requiring a trial. *Id.* at 496. This means providing more than a scintilla of evidence to establish a genuine issue of material fact. *Chaib v. Ind.*, 744 F.3d 974, 981 (7th Cir. 2014). Both parties must support their position by citing "to particular parts of materials in the record" or by demonstrating that the "adverse party cannot produce admissible evidence in support of the fact." Fed.R.Civ.P. 56(c)(1). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A summary judgment motion is defeated where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014) (quoting *Anderson* 477 U.S. at 248).

## ANALYSIS

*Count I – Illegal Search and Seizure*

In Count I, Plaintiff brings a 42 U.S.C. § 1983 claim, alleging that the seizure of Plaintiff by Riley, Rosciani, Mackert, and Skehan violated Plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment. Defendants argue that there was reasonable suspicion to stop Plaintiff based on the information learned from the 911 calls.

"Police officers may conduct a brief, investigatory stop of a suspect if they have reasonable suspicion based on articulable facts that a crime is about to be or has been committed." *United States v. Wimbush*, 337 F.3d 947, 949 (7th Cir. 2003) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Reasonable suspicion is more than a hunch but does not rise to the level of probable cause. *Jewett v. Anders*, 521 F.3d 818, 823 (7th Cir. 2008) (citing *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *United States v. Lenoir*, 318 F.3d 725, 729 (7th Cir. 2003)). An investigatory stop may be justified by an emergency report, "provided that the report describes an ongoing emergency, as opposed to general criminality." *United States v. Williams*, 731 F.3d 678, 684 (7th Cir. 2013). "In evaluating the reasonableness of an investigatory stop, we look first to see whether the officers' actions were justified at the inception of the stop and next to see whether the stop was reasonably related in scope to the circumstances which justified the stop in the first place." *United States v. Swift*, 220 F.3d 502, 506 (7th Cir. 2000) (citing *United States v. Smith*, 3 F.3d 1088 (7th Cir.1993)).

At issue is whether the dispatch calls with the description of the suspect justified Defendants' stop of Plaintiff. Defendants claim that Riley and Skehan heard two descriptions of the suspect that justified their investigatory stop. Plaintiff claims that the description of the

5

suspect wearing a red hoodie came after Riley and Skehan stopped him. At approximately 9:01:20 p.m., a call went out over the radio regarding five 911 calls reporting a woman screaming for help and a male described as wearing dark clothing that had possibly taken her purse. (Pl. Ex. 17, 1d at 1:20-1:34; Def. 56(a)(1), ¶ 14.) Officer Riley stated in his deposition that the first call he heard was a description of the suspect as "a male black, thin build, with a red hoodie and pants." (Pl. Ex. 2, at 127: 17-22; Pl. Ex. 17, 1h at 1:48-1:54.) This is also the first call that Skehan remembered. (Pl. Ex. 3, at 87:16-21). That recording also included an unidentified person asking: "That unit that's got that subject, does that fit that description?" (Pl. Ex. 17, 1h at 2:04-2:09.) Riley stated that it was possible that he and Skehan had stopped Plaintiff at the time that they got that description. (Pl. Ex. 2, at 125:3-128:8.) He also stated that as far as he could remember, he and Skehan placed Plaintiff into custody at 9:00 p.m. (Pl. Ex. 2, at 95:12-15).

There is conflicting evidence as to when the officers came into contact with Plaintiff and whether or not they had heard a description of the suspect as a skinny, black male wearing a red hoodie before detaining Plaintiff. Taking all facts and making all inferences in favor of the non-moving party, this presents a genuine issue as to a material fact and precludes summary judgment. *See* Fed.R.Civ.P. 56(c); *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012). As there is a genuine issue as to whether there was reasonable suspicion, the attendant search of the Plaintiff may also have been unconstitutional. Defendants' Motion for Summary Judgment as to Count I is denied.

*Count II – False Arrest*

In Count II, Plaintiff brings a second § 1983 claim, alleging that his arrest by Riley, Rosciani, Skehan, and Mackert was effectuated without probable cause. As stated above there is a question of material fact about the claimed basis for the *Terry* stop. This may or may not effect whether Plaintiff was illegally arrested.

Evidence obtained as a result of illegal seizure may be excluded as fruit of the poisonous tree. *Swift*, 220 F.3d at 506-07. However, evidence which is discovered by tainted police action is not suppressed if it would have been inevitably discovered even without the illegal act. *Id.* at 510 (citing *Nix v. Williams*, 467 U.S. 431 (1984)). The true question is "whether, granting the establishment of the primary illegality, the evidence . . . has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *United States v. Budd*, 549 F.3d 1140, 1144 (7th Cir. 2008) (citing *United States v. Carsello*, 578 F.2d 199, 202 (7th Cir.1978)). In this case, whether probable cause for Plaintiff's arrest would have arisen independently of the investigatory stop is a question of material fact. As such, Defendants' Motion for Summary Judgment is denied as to Count II.

*Counts III - Failure to Intervene*

In Count III, Plaintiff brings a third § 1983 claim, alleging that Defendant Officers failed to intervene when Plaintiff was placed under arrest without probable cause. Under § 1983, an officer has a duty "to intervene to prevent a false arrest . . . if the officer is informed of the facts that establish a constitutional violation and has the ability to prevent it." *Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008) (quoting *Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003)). There is a material issue of fact as to whether the investigatory stop

was constitutional. It is impossible to say if Defendant Officers knew there was a constitutional violation and/or if they had the ability to prevent any constitutional violation.

Defendants' Motion for Summary Judgment is denied on Count III as to Officers Riley, Rosciani, Mackert, and Skehan.

Defendants' also argue that the failure to intervene claim as to Officers Giannini, Zapata, Glynn, and Marzano are time-barred by the statute of limitations. Claims arising under § 1983 are subject to the same statute of limitations for personal injury actions of the state in which the alleged constitutional violations occurred. *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011) (citing *Anderson v. Romero*, 42 F.3d 1121, 1124 (7th Cir. 1994)). In Illinois, that period is two years. 735 ILL. COMP. STAT. § 5/13-202 (2008). King's claims accrued when he "knew or should have known" that his rights had been violated. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) (citations omitted). Therefore, King was required to file his § 1983 claims within two years of the date he was arrested, October 23, 2011. But King did not add Officers Giannini, Zapata, Glynn, and Marzano until April 24, 2014, six months after the two-year limit had expired.

Plaintiff makes no claim of equitable tolling or equitable estoppel in his response to Defendants' Motion. For equitable tolling, King "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Plaintiff has not argued that any extraordinary circumstance stood in his way. For equitable estoppel, Plaintiff must show that Defendants took "active steps to prevent the plaintiff from suing in time." *Cada v.*

*Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990). King has not shown that Defendants actively prevented him from timely filing his Complaint.

Defendants' Motion for Summary Judgment is granted on Count III as to Officers Giannini, Zapata, Glynn, and Marzano.

*Count IV - Conspiracy*

In Count IV, Plaintiff alleges a conspiracy against Defendant Officers to violate constitutional rights. Specifically, Plaintiff alleges that Defendant Officers conspired and acted together to cover up their misconduct by: conducting a constitutionally deficient show-up, generating false and incomplete reports, and giving false and incomplete official statements.

To sustain a claim that Defendant Officers conspired to deny Plaintiff's constitutional rights, King must show that Defendant Officers "directed themselves toward an unconstitutional action by virtue of a mutual understanding" and support his allegations with facts suggesting a "meeting of the minds." *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). "[A] conspiracy claim cannot survive summary judgment based on vague conclusory allegations that include no overt acts reasonably related to promoting the conspiracy." *Id.*

Plaintiff essentially re-argues his claims in Counts I-III and then alleges that there was a conspiracy. The argument in support of the existence of a conspiracy is that Defendant Officers submitted false and incomplete reports. However, the record is devoid of any facts or evidence showing an *agreement* between the officers to do so. Plaintiff also alleges that Defendant Officers worked out the time line of events when Sergeant Thompson arrived at the scene. (Pl. 56(b)(3) ¶ 26). However, this purported fact is unsupported by citation to the record, and, so, does not prevent summary judgment. *See Powers v. Dole*, 782 F.2d 689, 695 (7th Cir.

1986) ("Conclusory allegations that have no factual support are insufficient to create a genuine issue of material fact.").

Plaintiff has not shown specific facts establishing the existence of a genuine issue requiring a trial. Defendants' Motion for Summary Judgment is granted as to Count IV.

*Count V - Indemnification*

In Count V, Plaintiff brings an indemnification claim against the City. Plaintiff alleges that Defendant Officers committed the alleged acts under the color of law and in the scope of their employment as employees of the City. As Counts I-III, the counts containing the alleged acts, have issues of material fact requiring a trial, Count V is also unripe for summary judgment.

Defendants' Motion for Summary Judgment is denied as to Count V.

*Count VI - Malicious Prosecution*

In Count VI, Plaintiff alleges that Defendant Officers knowingly and maliciously prosecuted Plaintiff on false charges for which they knew there was no reasonable cause. "To state a claim for malicious prosecution under Illinois law, it must be alleged that: (1) plaintiff was subjected to judicial proceedings; (2) for which there was no probable cause; (3) defendants instituted the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Treece v. Vill. of Naperville*, 903 F. Supp. 1251, 1257 (N.D. Ill. 1995). Malicious prosecution is subject to a one-year statute of limitations pursuant to the Illinois Tort Immunity Act. 745 ILL. COMP. STAT. § 10/8-101 (2003). This claim accrues once proceedings end in the plaintiff's favor. *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998).

Plaintiff asserts he learned Defendants did not believe Zambrano's identification when Zambrano was deposed. Under the Illinois discovery rule, "the commencement of the relevant

statute of limitations is delayed until 'the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused.'" *Walden v. City of Chicago*, 755 F. Supp. 2d 942, 959 (N.D. Ill. 2010) (*Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 630-31 (1994)).

Plaintiff was found not guilty on June 28, 2012, but did not file his malicious prosecution claim until October 23, 2013, against Officers Riley, Rosciani, Mackert, and Skehan; and April 24, 2014, against Officers Giannini, Zapata, Glynn, and Marzano. He would have reasonably known or could have known the facts regarding a claim of malicious prosecution at that time. Plaintiff has exceeded the statute of limitations against the Defendant Officers. As set forth above, Plaintiff has made no assertions that equitable tolling or estoppel apply. Accordingly this claim is time-barred.

Because Plaintiff failed to file his malicious prosecution claim within the statute of limitations, Defendants' Motion for Summary Judgment as to Count VI is granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted as to Counts IV, VI, and Officers Giannini, Zapata, Glynn, and Marzano on Count III. Defendants' Motion for Summary Judgment is denied as to Counts I, II, V, and Officers Riley, Rosciani, Mackert, and Skehan on Count III.

Date: November 25, 2014      /s/ JOHN W. DARRAH
JOHN W. DARRAH
United States District Court Judge

11